UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MICHAEL JOHN BUI,

        Plaintiff,

v.

TEAM PERSONNEL SERVICES, INC.,
DEPARTMENT OF EMPLOYMENT AND
ECONOMIC DEVELOPMENT, and
MUEHLBERG, Judge of Court of Appeals,

        Defendants.

Civil No. 08-2356 (RHK/JJG)

**REPORT AND
RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

**I. BACKGROUND**

Plaintiff alleges that he is a former employee of Defendant Team Personnel Services, Inc., (hereafter "Team"), which apparently is a company that provides temporary employees to other businesses. After Plaintiff's employment with Team ended, he sought unemployment benefits. Team apparently opposed Plaintiff's application for unemployment

benefits, and a hearing on the matter was held before a Minnesota Unemployment Law Judge, ("ULJ"). The ULJ concluded that Plaintiff was not entitled to unemployment benefits, because Team had properly discharged him for misconduct, (namely he had been rude and abusive to Team's clients). The ULJ's decision was subsequently upheld by the Minnesota Court of Appeals. (A copy of the Court of Appeals decision is attached to Plaintiff's complaint.)

Plaintiff is now attempting to sue Team for "assault, libel & slander," and for "personal injury." He is also attempting to sue a Defendant identified as "Muehlberg," who allegedly was the State Court of Appeals Judge who authored the decision upholding the denial of Plaintiff's application for unemployment benefits. Plaintiff claims that Defendant Muehlberg "made a wrong decision." The third named Defendant, "Department of Employment and Economic Development," apparently is being sued because (a) it employs the ULJ who denied Plaintiff's application for unemployment benefits, and (b) it opposed Plaintiff's state court appeal of the ULJ's decision.

## II. DISCUSSION

An IFP application will be denied, and the plaintiff's claims will be dismissed, when the plaintiff's complaint fails to state a cause of action on which relief can be granted, or the plaintiff seeks relief from a party who is legally immune from the plaintiff's claims. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In this case, Plaintiff's complaint fails to state an actionable claim against any of the three named Defendants.

First, Plaintiff cannot sue the Minnesota Department of Employment and Economic

Development, because it is a state agency that is immune from suit in federal court under the Eleventh Amendment to the Constitution. Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Glick v. Henderson, 855 F.2d 536, 540, (8th Cir. 1988).

Plaintiff also cannot sue Defendant Muehlberg, because he is immune from suit under the doctrine of judicial immunity. It is well-settled that judges are completely immune from civil lawsuits based on alleged wrongful acts or omissions related to the performance of their judicial functions. Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Mireles v. Waco, 502 U.S. 9, 11 (1991); Liles v. Reagan, 804 F.2d 493, 495 (8th Cir. 1986). Here, Plaintiff obviously is attempting to sue Defendant Muehlberg for actions that he allegedly undertook while serving in a judicial capacity, and performing judicial functions. Therefore, Plaintiff's claims against Defendant Muehlberg are barred by the doctrine of judicial immunity.

Finally, Plaintiff has failed to state an actionable claim against Defendant Team that can properly be entertained in federal court. Plaintiff is attempting to sue Team for various common law torts, including slander, libel, assault and "personal injury." At best, Plaintiff's complaint might arguably state an actionable defamation claim, based on Plaintiff's allegations that Team made false statements about his work performance during the course of the legal dispute over his application for unemployment benefits. However, even if the complaint does state an actionable defamation claim against Team, that claim does not belong in federal court, due to lack of subject matter jurisdiction. There is no original federal subject matter jurisdiction over Plaintiff's possible defamation claim, because it is

not based on federal law or the Constitution, (see 28 U.S.C. § 1331),[1] and there is no diversity of citizenship in this case, (see 28 U.S.C. § 1332).[2]

If Plaintiff had pleaded some actionable federal claim, then a state common law claim could perhaps be entertained under the federal supplemental jurisdiction statute – 28 U.S.C. § 1367.  However, the absence of an actionable federal claim effectively precludes the Court from exercising supplemental jurisdiction over any possible state law claim.  See Stokes v. Lokken, 644 F.2d 779, 785 (8th Cir. 1981) ("when federal claims are dismissed before trial, the normal practice is to dismiss pendent [state law] claims"); Johnson v. City of Shorewood, Minnesota, 360 F.3d 810, 819 (8th Cir.) ("[t]he Supreme Court has noted that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state-law claims'"), cert. denied, 543 U.S. 810 (2004), quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988); see also Thomas v. Dickel, 213 F.3d 1023, 1026 (8th Cir.) ("federal courts should 'exercise judicial restraint and avoid state law issues wherever possible'"), cert. denied, 531 U.S. 1013 (2000), quoting Condor Corp. v. City of St. Paul, 912 F.2d 215, 220 (8th Cir.1990).

---

[1] Plaintiff's complaint indicates that his claims against Team are brought under "United States Code Statute[s]" "320" and "360."  It is readily apparent, however, that Plaintiff is referring to the "Nature of Suit" codes that are used on the Clerk's "Civil Cover Sheet" for record-keeping purposes.  The number "320" signifies a tort claim for "assault, libel & slander," and the number "360" signifies a tort claim for "other personal injury." Plaintiff's reference to these two code numbers simply confirms that his claims against Team are common law tort claims.

[2] Plaintiff is a Minnesota resident, and at least some of the Defendants, (perhaps all of them), are Minnesota residents as well.

In this case, (as in most cases), a federal district court would not be the most suitable forum for adjudicating state law claims.  See Condor Corp., 912 F.2d at 220 (stressing "the need to exercise judicial restraint and avoid state law issues wherever possible").  Therefore, supplemental jurisdiction should not be exercised in this case.

**III. CONCLUSION**

For the reasons discussed above, the Court concludes that Plaintiff's complaint fails to state any cause of action against the named Defendants that can properly be addressed in federal court.  Based on that determination, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii) and (iii).

Lastly, the Court notes that this is the fourth time during the past three years, (and the third time during the past six months), that Plaintiff has filed a lawsuit in this District that has failed to survive preliminary screening.  This woeful record suggests that Plaintiff has become an abusive litigator in this District, and that a District Court Judge should consider whether Plaintiff's ability to file future lawsuits in this District should be restricted.  While this Court will not recommend that such restrictions be imposed at this time, Plaintiff is now forewarned that he may lose his unrestricted access to the federal court if he continues to file patently defective lawsuits in this District.

**IV. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2),

be DENIED; and

    2.  This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated: June 20, 2008             s/ *Jeanne J. Graham*
                                        JEANNE J. GRAHAM
                                        United States Magistrate Judge

**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **July 7, 2008**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.